IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND


| | | |
|---|---|---|
| ALVIN ADAMS | : | |
|     Petitioner | : | |
| | : | |
| v. | : | Criminal No. L-03-095 |
| | : | Civil No. L-07-652 |
| UNITED STATES OF AMERICA | : | |
|     Respondent | : | |
| | : | |
| | : | |

**MEMORANDUM**

Now pending is pro se Petitioner Alvin Adams' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion is based on the post-sentencing vacatur of a prior state conviction that had increased Adams' sentence under the federal sentencing guidelines. The papers adequately present the issues, so no evidentiary hearing is necessary.[1] Because Adams filed his § 2255 motion more than one year after he received the notice of vacatur of his state conviction, the Court will, by separate order, DENY the motion and DIRECT the Clerk to CLOSE the case.

**I.     Background**

A federal grand jury sitting in Baltimore handed down a two-count indictment that charged Alvin Adams with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 1), and conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Count 2). On October 29, 2004, Adams pled guilty to Count 2.[2] On January 27, 2005, the Court sentenced Adams to 120 months imprisonment, the low end of the

---

[1] See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required…on a § 2255 motion if the record conclusively shows that petitioner is entitled to no relief").
[2] Count 1 was dismissed on motion by the Government.

1

guidelines range. Under the federal guidelines, part of his sentence was based on his criminal history. His criminal history category was increased from IV to V due to his January 15, 2002 conviction in Maryland state court for first degree assault and the use of a handgun in the commission of a felony. After sentencing, Adams challenged his conviction on these crimes in state court proceedings. On July 29, 2005, Adams' conviction for these crimes was vacated by the Court of Special Appeals of Maryland. On November 13, 2006, the state of Maryland decided to forego another trial, and the charges were dismissed. On March 14, 2007, Adams filed this instant § 2255 motion.

Adams argues that the post-sentencing vacatur of a state predicate conviction is grounds for resentencing. The issue raised by Adams' petition is whether he filed his § 2255 motion in a timely fashion. Adams argues that his petition is not barred by the applicable statute of limitations because he filed it within one-year of when the final disposition of the state charges was determined. In other words, Adams argues that the one year statute of limitations for § 2255 motions runs from the date the state charges were dismissed, not from the date of vacatur.

Because the one year statute of limitations found in § 2255 runs from the date of the vacatur, not the date the charges were finally determined or dismissed, Adams' claim is untimely and must be dismissed.

**II.    Analysis**

28 U.S.C. § 2255(f) provides that "a 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." In Johnson v. United States, 544 U.S. 295 (2005),

the Supreme Court decided the "distinct issue of how soon a prisoner, successful in his state proceeding, must challenge the federal sentence under § 2255." <u>Id.</u> at 304. The Court held that the one year limitation period under § 2255 begins to run from the date the petitioner "receives notice of the order vacating the prior [state predicate] conviction." <u>Id.</u> at 298. The Court reiterates later that "the limitation period will run from the date of notice of the eventual state-court vacatur." <u>Id.</u> at 310 n.8.

In Adams' case, he had one year to file his § 2255 motion from the date he received notice of vacatur on or about July 29, 2005. Adams does not allege that the notice of vacatur was delayed in reaching him in any way. Thus, Adams had until July 29, 2006 to file his § 2255 motion. Instead, Adams delayed until March 14, 2007, far beyond the one year limitation period.

Adams' argument that the one year period should begin to run from the date the charges were ultimately dismissed is expressly foreclosed by <u>Johnson</u>'s holding. Petitioner gains no support from his invocation of the <u>Younger</u> doctrine or <u>Wilson v. United States</u>, 413 F.3d 685, 687-88 (7th Cir. 2005) because the language of the Supreme Court is unequivocal. In <u>Wilson</u>, the petitioner filed a § 2255 motion to vacate his sentence after receiving a similar post-sentencing state court vacatur of a predicate conviction. Though Judge Easterbrook made mention of the date when the state charges were ultimately dismissed, the holding was based on the date of the vacatur. <u>Id.</u> at 688 (citing a 38-month delay between the July 2001 vacatur and the September 2004 § 2255 challenge).

3

**IV.     Conclusion**

For the foregoing reasons, the Court will, by separate Order, DENY Adams' § 2255 motion and DIRECT the Clerk to CLOSE the case. Should Adams choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny certification, Adams may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

Dated this 25th day of September, 2008.

_____/s/_____
Benson Everett Legg
Chief Judge